# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00409-RJC-DSC

| | |
|---|---|
| **BERNARD SCHULZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BROOKLYN WATER BAGEL, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court following pro se Plaintiff's failure to respond to the Court's "Order to Show Cause" (document #6) entered October 6, 2015, and the "Motion of Defendant SD Holdings to Dismiss Plaintiff's Complaint" (document #3) filed September 3, 2015.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Plaintiff's response to the Motion to Dismiss was initially due on September 28, 2015. When Plaintiff failed to respond, the Court issued its Order to Show Cause. The Court ordered Plaintiff as follows:

> On or before November 2, 2015, Plaintiff shall **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this case **WITH PREJUDICE**.

Document #6 at 2 (emphasis in original).

The District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th

Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has completely ignored the Court's Order and failed to respond to the Motion to Dismiss. Accordingly, the undersigned finds that any sanctions short of dismissal would not be effective.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** as well as for the reasons stated therein, the undersigned respectfully recommends that the "Motion of Defendant SD Holdings to Dismiss Plaintiff's Complaint" (document #3) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties

from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to the pro se Plaintiff at 7827 Kerrybrook Circle, Charlotte, North Carolina 28214; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: November 5, 2015

David S. Cayer
United States Magistrate Judge